■ MAGALY NELSON, an Infant, by Her Mother and Natural Guardian, GLORIA LA FORTE, et al., Appellants, v. JAMAICA BUSES, INC., Respondent.— In a negligence action to recover damages for personal injuries of the infant plaintiff and for medical expenses, etc., of her mother, plaintiffs appeal from

(1) a judgment of the Supreme Court, Queens County, entered December 8, 1971 in favor of defendant upon a jury verdict, and (2) an order of the same court entered November 26, 1971, which denied their motion to set aside the verdict. Order and judgment affirmed, without costs. No opinion. Hopkins, Acting P. J., Munder and Christ, JJ., concur; Martuscello, J., dissents and votes to reverse the order and the judgment and to grant a new trial in the interests of justice, with the following memorandum, in which Gulotta, J., concurs: The infant plaintiff was run over by a bus allegedly owned by defendant as she was crossing 160th Street at the corner of Liberty Avenue in Queens County after the traffic light had allegedly turned green in her favor. There were sharp questions of fact concerning the color of the traffic light at the time of the accident, whether the infant plaintiff was free from contributory negligence and whether the bus was in the process of making a right-hand turn from Liberty Avenue into 160th Street, or whether it was proceeding straight across the intersection on 160th Street from the child's left. The first trial ended in a jury disagreement. The instant trial took place over an eight-day period. After deliberating approximately two and one-half hours following the trial court's charge, the jury propounded the following question to the court: " If the jury finds a Jamaica Bus turned off Liberty Avenue onto 160th Street and hit the plaintiff, can we find for the plaintiff? " Plaintiffs' counsel urged the court to answer the jury's inquiry in the affirmative. The court refused to answer this request for advice from an apparently confused jury on the ground that the jury and not the court were the finders of the facts and sent the jury back to deliberate further. In my opinion, an affirmative response to the jury's question would have been proper provided the court reinstructed the jury that they must have also found that defendant was negligent, that its negligence was the proximate cause of the accident and that the infant plaintiff was free from contributory negligence. After over 10 hours of deliberation, extending into the early hours of the morning, the jury indicated it was deadlocked. The court, however, refused to accept that and sent the jury back for still further deliberation after denying plaintiffs' motion for a mistrial. Approximately 35 minutes later the jury returned a verdict (10 to 2) for defendant. In my opinion, under the circumstances of this case, especially considering the trial court's complete "failure to discuss the evidence and to relate to it the principles of law that were charged" (*Green* v. *Downs,* 27 N Y 2d 205, 208), a new trial is warranted. While plaintiffs failed to take exception to the trial court's charge, the interests of justice constrain me, in so close a case, to take account of the error (*U. S. Vitamin & Pharm. Corp.* v. *Capitol Cold Stor. Co.,* 21 A D 2d 661; *Loeb* v. *United Traction Co.,* 24 A D 2d 917).